IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADIS ALIC and ALMA ALIC, individually, and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) HEAVNER, BEYERS & MIHLAR, LLC, ) ) Defendants. ) | Case No. 18 C 3635 Judge Joan H. Lefkow |

## ORDER

Defendant Heavner, Beyers & Mihlar, LLC's (Heavner) motion to dismiss (dkt. 15) is denied.[1] See statement.

## STATEMENT

**I. Background[2]**

On November 27, 2006, Plaintiffs Adis Alic and Alma Alic took out a $425,000 mortgage loan relating to property located at 4511 North Christina Avenue in Chicago (the Property). (Dkt. 1 ¶¶ 15–17.) The Alics defaulted on the loan in or around May 2009. (*Id.* ¶ 19.) They then filed for Chapter 7 bankruptcy on June 27, 2012, and listed Bank of America, the creditor for the loan, as having a claim for $424,984. (*Id.* ¶¶ 20, 23–25.) The bankruptcy court entered a discharge order on October 23, 2012, eliminating any personal obligation to repay Bank of America. (*Id.* ¶¶ 26–28.) On or around October 25, 2012, Bank of America was notified of the discharge. (*Id.* ¶ 29.)

On April 20, 2018, Heavner sent the Alics a letter titled "Notice Regarding Fair Debt Collection Practices Act." (Dkt. 1-2.) The first paragraph of the letter reads,

> Please be advised that your account has been referred to our firm to file a foreclosure action against 4511 N Christina, Chicago, IL 60625. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

---

[1] The court has jurisdiction under 28 U.S.C. § 1331. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

[2] Unless otherwise noted, the following facts are taken from plaintiffs' complaint (dkt. 1) and are presumed true for the purpose of resolving the pending motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

(*Id.*) The letter goes on to provide information "[i]n accordance with the Fair Debt Collection Practices Act," including,

> The amount of the debt: As of the date of this letter you owe $711,862.92. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check. (*Id.*)

Further, under the signature line at the bottom of the last page, the letter reads as follows in bold, capital letters:

> **PLEASE BE ADVISED THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> **HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

(*Id.*)

The Alics filed this complaint seeking declaratory, injunctive, and compensatory relief for violations of the Fair Debt Collection Practices Act (FDCPA) under sections 1692e(2) and 1692e(10).[3] The Alics claim Heavner violated the FDCPA by sending a letter purporting to collect a debt the Alics no longer owed because their debts had been discharged in bankruptcy. Heavner has moved to dismiss. (Dkt. 15.)

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743

---

[3] Counts I and II are claims for individual relief under 15 U.S.C. §§ 1692e(2), (10). Counts III and IV are class action claims for relief under 15 U.S.C. §§ 1692e(2), (10).

(7th Cir. 2010); *see also Johnson* v. *City of Shelby*, --- U.S. ---, 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for a short and plain statement of the claim showing the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

**III.    Analysis**

   **A.  In Connection with the Collection of Any Debt**

To allege violations of the FDCPA, the Alics must show that (1) Heavner is a "debt collector" and (2) the letter was sent "in connection with the collection of any debt." *Gburek* v. *Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citing 15 U.S.C. §§ 1692a(6), 1692c(a)-(b), 1692e).

The parties do not dispute Heavner's status as a debt collector—the letter clearly states that Heavner "is deemed to be a debt collector." (Dkt. 1-2.) With respect to the second criterion, "whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact." *Ruth* v. *Triumph P'Ships*, 577 F.3d 790, 798 (7th Cir. 2009). While there is no bright line rule to determine whether a communication was made in connection with debt collection, courts generally "weigh the presence or absence of a demand for payment, the nature of the parties' relationship, and the purpose and context of the communications." *Preuher* v. *Seterus, LLC*, No. 14 C 6140, 2014 WL 7005095, at *2 (N.D. Ill. Dec. 11, 2014) (citing *Gburek*, 614 F.3d at 385).

Heavner challenges the applicability of the FDCPA, arguing the letter was for informational purposes only—to inform the Alics that Bank of America sought to initiate foreclosure proceedings. Heavner contends that out of caution, the letter also included general information about the loan in the event the letter could be construed as an initial communication under the FDCPA, thus triggering the notice requirements under Section 1692g(a). Despite this cautionary language, Heavner maintains that the bankruptcy disclaimer on the last page of the letter was sufficient to exempt the communication from scrutiny under the FDCPA.

While bankruptcy disclaimers can be evidence that a communication was purely informational, the court must consider the letter as a whole, the nature of the parties' relationship, and the overall context of the communication. *Gburek*, 614 F.3d at 385. This was the Alics' first communication with Heavner and, apart from the formulaic disclaimer at the bottom of the last page, there was no indication in the letter of an understanding that the Alics were in bankruptcy. Instead, the majority of the letter purports to establish a relationship singularly connected to the Alics' defaulted loan. *See Ruth*, 577 F.3d at 799 (finding a communication connected to debt collection when "[t]he only relationship the defendants had with the plaintiffs arose out of . . . the plaintiffs' defaulted debt.") Additionally, the language Heavner included in the letter, such as, "Notice Regarding Fair Debt Collection Practices Act," "[t]his is an attempt to collect a debt," "you owe $711,862.92," and "after we receive your check," could reasonably be construed to be an attempt to collect a debt. The bankruptcy disclaimer on the last page cannot fully negate all positive declarations attempting debt collection. *See, e.g., Whalen* v. *Specialized Loan Servicing, LLC*, 155 F. Supp. 3d 905, 914

(W.D. Wis. 2016) ("[D]efendant's representation in the disclaimer that the letter was not a demand for payment means little when at the same time defendant was telling plaintiff that she risked foreclosure if she did not pay up.").[4]

Finally, Heavner claims it had no choice but to send the letter to comply with the section 1692g(a) requirements. *See* 15 U.S.C. § 1692g(a) (requiring debt collectors to send written notice regarding the amount owed and the debtor's rights under the FDCPA). True, Heavner was required to send a written notice including the amount of debt and the name of the creditor, but Heavner could have easily complied with § 1692g(a) and avoided this litigation by providing appropriate clarifying language.[5] Since the letter could plausibly be connected to debt collection, the complaint survives the motion to dismiss on the threshold question of FDCPA application.

### B. Section 1692e Violations

The FDCPA forbids a debt collector from using "any false, deceptive, or misleading, representation or means in connection of any debt." 15 U.S.C. § 1692e. Section 1692e(2) prohibits "[t]he false representation of the character, amount, or legal status of any debt." Section 1692e(10) further prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." When analyzing practices alleged to have violated the FDCPA, the court applies the objective standard of an "unsophisticated consumer," who is generally "uninformed, naive, or trusting." *Gammon* v. *GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). While this person possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and

---

[4] Heavner cites *Whalen* in support of its motion to dismiss. In that case, however, the court considered two communications, granting the motion to dismiss for the first but denying it for the second. 155 F. Supp. at 914. The first communication did not request payment or indicate adverse consequences for non-payment, whereas the second could be reasonably construed to induce payment. *Id.* at 908 ("[Y]our mortgage is in serious default and the foreclosure process may be imminent."). Unlike the first communication in *Whalen*, the Alics' letter contains enough payment-inducing language to survive dismissal at the pleading stage. Heavner also offers a handful of cases where the defendant prevailed because of a bankruptcy disclaimer. These cases are non-precedential, out-of-circuit, or factually distinct, and several were decided under a summary judgment standard.

[5] *Whalen* illustrates how a debt collector might make clear to the holder of a mortgage that has been discharged in bankruptcy that the bankruptcy did not discharge the mortgage lien. In addition to a disclaimer similar to that in the present case, the notice at issue in *Whalen* also provided a second disclaimer: "BANKRUPTCY NOTICE—IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS SENT TO COMPLY WITH THE REQUIREMENTS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT IS BEING SENT TO YOU AS A [SIC] THE LIEN AGAINST THE COLLATERAL PROPERTY HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY."

inferences," he does not read collection letters in a "bizarre or idiosyncratic" fashion. *Pettit* v. *Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Heavner argues that the letter could not plausibly mislead or deceive an unsophisticated consumer. But when the majority of a letter indicates an attempt to collect a debt, the defendant cannot rely so heavily on a disclaimer to provide the clarity necessary to surmount the unsophisticated debtor standard. *See Price* v. *Seterus, Inc.*, No. 15 C 7541, 2016 WL 1392331, at *4 (N.D. Ill. Apr. 8, 2016) ("This Court . . . declines to hold, as a matter of law, that the bankruptcy disclaimer [in] this case, which was included in boilerplate format, is sufficient such that 'an unsophisticated consumer would understand it as negating the overall thrust' of the communications.") (quoting *Tate* v. *Ocwen Loan Servicing, LLC*, No. 14-cv-05528 (N.D. Ill. 2015). The court is unable to conclude that the Alics' interpreted the letter in a bizarre or idiosyncratic fashion, since it is plausible that a significant portion of debtors would believe that a letter stating "[t]his is an attempt to collect a debt" is indeed attempting to collect a debt. Following the Seventh Circuit's guidance, the court refrains from finding the letter is not confusing as a matter of law. *See McMillan* v. *Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("[A] district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a 12(b)(6) motion[.]"); *Walker* v. *Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) ("[D]istrict judges are not good proxies for the 'unsophisticated consumers' whose interests the statute protects.").

Heavner also argues that the Alics failed to allege they were in fact misled or deceived by the letter, so their claims fail as a matter of law. The Alics counter that their claims are based on a false representation—that they "owe $711,862.92"—and that the FDCPA prohibits a debt collector from using "any *false*, deceptive or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). But "an FDCPA plaintiff bears the burden of proving that even a false statement would mislead or deceive the unsophisticated consumer." *Ruth*, 577 F.3d at 800. "For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Id.* The unsophisticated consumer test, however, is an objective one, "meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived." *Lox* v. *CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012). Heavner's argument that the complaint fails to allege that the Alics were misled or deceived by the letter they received is thus inapposite.

Finally, Heavner maintains that even if the letter is misleading or deceptive, the complaint should be dismissed because the alleged misrepresentations are immaterial. A statement is material if it would "influence a consumer's decision . . . to pay a debt." *Muha* v. *Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). But whether the letter at issue would influence a consumer's decision to pay is a fact issue that cannot be decided at the pleading stage. *See McMahon* v. *LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) ("Whether a dunning letter is confusing is a question of fact.")

### IV. Conclusion

For the reasons stated above, Heavner's motion to dismiss is denied. The case will be called for status hearing on November 20 at 11:00 a.m.

6

Dated: November 6, 2018

_____
U.S. District Judge Joan H. Lefkow